IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWYAINE B. EDWARDS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARMAXX OPERATING CORPORATION; TJX COMPANIES, INC.; and JEANNE PIERRE ORIGINALS, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN MAZER TRUCKING, INC. | : | No. 13-6602 |

**NORMA L. SHAPIRO, J.**                                                                                 **DECEMBER 28, 2015**

## MEMORANDUM

Pending are the Motion for Summary Judgment of defendants TJX Companies, Inc. ("TJX") and Marmaxx Operating Corp. ("Marmaxx"). The court held a status conference and oral argument on defendants' Motion for Summary Judgment. Defendants' Motion for Summary Judgment will be granted.

I.     BACKGROUND

While unloading a truck trailer at the Marshalls Distribution Center ("distribution center") in Philadelphia on October 18, 2011, plaintiff injured his right arm and shoulder as boxes in the trailer fell on him. TJX owns the distribution center; the distribution center is leased, managed, maintained, and operated by NBC Philadelphia Merchants, Inc. ("NBC"), a wholly owned subsidiary of TJX. Marmaxx is also a TJX subsidiary.

When he was injured, plaintiff was acting within the scope of his employment as a yard jockey for Eastern Region Yard Dogs, Inc. ("Yard Dogs"). Yard jockeys perform yard-switching services by using wagons to move trailers between loading docks and storage spots. NBC contracted Yard Dogs for yard-switching services at the distribution center.

Plaintiff sued TJX, Marmaxx, and Dynamic International USA, Inc. ("Dynamic") for

negligence in the Philadelphia County Court of Common Pleas.  Marmaxx and TJX timely removed the action to this court under 28 U.S.C. § 1332(a).  The court approved a stipulation dismissing with prejudice the claims against Dynamic.

Jeanne Pierre Originals ("JPO") packed and secured the trailer in New York, and Benjamin Mazer Trucking, Inc. ("Mazer") moved the trailer from New York to New Jersey, where it remained at a Mazer facility for two days before Mazer moved it to the distribution center.  Plaintiff's Amended Complaint named JPO as an additional defendant, and JPO's Third-Party Complaint named Mazer as a third-party defendant.[1]  It is undisputed that JPO and Mazer are contractors.

## II. DISCUSSION

A.   Jurisdiction

The court has subject-matter jurisdiction under 28 U.S.C. § 1332(a); plaintiff is a Pennsylvania citizen, TJX and Marmaxx have principal places of business in Massachusetts, JPO has a principal place of business in New York, and Mazer has a principal place of business in New Jersey, and alleged damages exceed $75,000.  Personal jurisdiction and venue are uncontested.

B.   Standard of Review

Summary judgment must be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(A).  The non-moving party must set forth specific facts showing a genuine issue for trial and may not rest upon mere denials of pleadings or allegations.  *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007).  The court is required to view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor.  *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

---

[1] TJX and Marmaxx asserted crossclaims against JPO and Mazer for contribution and indemnity.  JPO asserted crossclaims against TJX, Marmaxx, and Mazer for contribution and indemnity.

    C.    <u>TJX and Marmaxx's Liability</u>

A property owner who employs an independent contractor may be liable for injuries sustained in the course of employment by the contractor or contractor's employee if the owner retains control over the methods and means of the work. *McDonald v. Lowe's Co.*, No. 08-219, 2009 WL 3060413, at *4 (E.D. Pa. Sept. 24, 2009) (citing *Lorah v. Luppold Roofing Co., Inc.*, 622 A.2d 1383, 1384 (Pa. Super. Ct. 1993)). The employer must retain a right to supervise so that the contractor is not free to work in his own way. *Id.* (citing RESTATEMENT (SECOND) OF TORTS § 414 (1965)).

An owner who employs a contractor may also be liable if (i) a risk is foreseeable to the hiring party when the contract is executed and (ii) the risk is peculiar–*i.e.*, it differs from the usual and ordinary risk associated with the type of work done. *Lorah*, 622 A.2d at 1385-86 (citing *Ortiz v. Ra-El Dev. Corp.*, 528 A.2d 1355, 1358 (Pa. Super. Ct. 1987)).

An owner who employs a contractor may also be liable if (i) a dangerous condition exists on the property, (ii) the owner possesses superior knowledge of the risk posed by the condition, and (iii) the owner fails to warn the contractor of the condition. *Gutschall v. Metro. Edison Co.*, No. 1973 EDA 2014, 2015 Pa. Super. Unpub. LEXIS 1202, at *14 (Pa. Super. Ct. May 1, 2015)[2] (quoting *Gutteridge v. A.P. Green Servs.*, 804 A.2d 643, 657-58 (Pa. Super. Ct. 2001)).

An employer of a contractor is immune from liability for the contractor's employee's injuries sustained in the course of employment.[3] *Leonard v. Pennsylvania,* 771 A.2d 1238, 1240 (Pa. 2001) (citing *Hader v. Coplay Cement Mfg. Co.*, 189 A.2d 271, 277-79 (Pa. 1963)). The employer of the contractor acquires this immunity from the contractor, who is not liable for its employee's negligence.

    i.    <u>"Retained Control" Liability</u>

Yard Dogs determined how trailers were moved between loading docks and storage spots,[4] and TJX did not issue instructions on how to move trailers at the distribution center.[5]

---

[2] *Gutschall* is a non-precedential decision of the Pennsylvania Superior Court but is cited as persuasive authority.
[3] The employee is covered by workmen's compensation benefits. 77 P.S. § 431 (1993).
[4] Glen Hansford Deposition Transcript ("Hansford Dep. Tr.") at 25.
[5] *Id.* at 24-25.

TJX identified the trailers to be moved and the loading docks to which they were to be moved.[6]  This did not interfere with Yard Dogs's ability to perform yard-switching services in its own way.  TJX and Marmaxx did not "retain control."

    ii.  "Peculiar Risk" Liability

Plaintiff stated opening the trailer barn door was dangerous but routine[7] and admitted it was "common" for loads to fall out of inbound trailers at the distribution center.[8]  The risks here were the usual risks associated with yard-switching.  There was no "peculiar risk."

    iii.  "Superior Knowledge" Liability

During his 30 years at United Parcel Service, plaintiff received "continuous training" on how to operate a jockey wagon and tractor trailer[9] and was trained in load securing and opening trailer barn doors.[10]  At the time of the incident, plaintiff managed six other yard jockeys,[11] moved 60-120 trailers daily,[12] and had worked at the distribution center for three years.[13]

TJX identified the trailers to be moved and the loading docks to which they were to be moved,[14] and TJX did not pack, move, or inspect the trailer.[15]  Neither TJX nor Marmaxx possessed "superior knowledge."

TJX and Marmaxx are not liable as property owners for plaintiff's common law negligence claim, and, as plaintiff was an employee of TJX and Marmaxx's independent contractor, TJX and Marmaxx are immune from liability as employers for plaintiff's negligence claim; plaintiff's common law negligence claim against TJX and Marmaxx will be dismissed.

---

[6] *Id.*
[7] Dwyaine Edwards Deposition Transcript ("Edwards Dep. Tr.") at 93.
[8] *Id.* at 72.
[9] *Id.* at 36.
[10] *Id.* at 78, 142-43.
[11] *Id.* at 29.
[12] *Id.*
[13] *Id.* at 14.
[14] *Id.* at 24-25.
[15] Hansford Dep. Tr. at 16-17, 25, 28.

### III.    CONCLUSION

Defendants' Motion for Summary Judgment will be granted.  Yard Dogs may be liable to plaintiff for worker's compensation benefits.  This opinion pertains to plaintiff's common law negligence claim against TJX and Marmaxx only.  An appropriate Order follows.